<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONEISHA JOANNA PARKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROUTE 22 HONDA,<br><br>　　　　　Defendant. | No. 22cv7117 (EP) (JSA)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Roneisha Joanna Parker seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1-2. For the reasons discussed below, the Court **GRANTS** her application to proceed *in forma pauperis* but **DISMISSES** her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes her inability to pay, and the Court grants her application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who

is immune from suit. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court applies the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes her pleading liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff filed her complaint on or about December 7, 2022.  D.E. 1.  Plaintiff's complaint contains the following factual narrative in support of her lawsuit against Defendant Route 22 Honda:

> I went to Route 22 Honda to purchase a car through a consumer credit sale/transaction.  The finance manager Leo denied [my] application when I exercised my rights under Consumer Credit, Truth in Lending [Act ("TILA") and] the Equal Credit Opportunity Act [("ECOA")].  Leo continuously misrepresented the facts when it came to me extending my credit.  Stating I don't have a right to application or proper disclosure under [TILA] if I did not give him my personal identifying information or sign a contract first.  Leo lacked proper knowledge of federal law.  He then brought his Director of Finance Howard Newman who continued to belittle my knowledge of consumer law.  When I proved I had [the] right to TILA disclosures before signing a contract, he then became very disrespectful [and] invaded my personal space.  Then [he] threatened to call the cops on me multiple times if I didn't leave.  He then proceeded to chase me out [of] the building after I was voluntarily leaving.  [Defendant is] in violation [of] ECOA, TILA [and] discrimination of a protected class.

D.E. 1 at 3.

Plaintiff avers that the foregoing interaction caused her to "[fall] into severe depression and [that she] began taking over the counter medicine to deal [with] anxiety attacks [and] fits of depression."  *Id.* at 4.  She also notes that she "was afraid for [her] life" because "cops are known for taking lives of people of color who are non-aggressive."  *Id.*  She is "suing for emotional [and] mental damage."  *Id.*  Plaintiff also seeks $15,000 for the "violation of [her] consumer protected rights, TILA [and] civil rights."  *Id.*  Plaintiff notes that because [she] did not get the car [she] had to forfeit a job that would have significantly improved [her] life.  *Id.*  She therefore also wants Route 22 Honda "to release [a 2020 sonic gray Honda CR-V, which is] the car [that Plaintiff went to Route 22 Honda] for."  *Id.*

As an initial matter, the Court notes that it has federal question jurisdiction to adjudicate claims raised under TILA, 15 U.S.C. § 1601, *et seq.*, and ECOA, 15 U.S.C. § 1691, *et seq.* *See Owens v. Magee Finance Service of Bogalusa, Inc.*, 476 F. Supp. 758, 764 (E.D. La. 1979). That said, the Court finds that Plaintiff's complaint fails to allege a plausible *prima facie* claim under either statute.

"TILA was enacted in order 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices.'" *Anderson v. Frederick Ford Mercury, Inc.*, 694 F. Supp. 2d 324, 330 (D. Del. 2010) (citations omitted). "TILA requires creditors 'to make certain prominent disclosures *when extending credit*, including the amount financed, all finance charges, and the [annual percentage rate].'" *Id.* (emphasis added); *see also In re United Companies Fin. Corp.*, 267 B.R. 524, 528 (Bankr. D. Del. 2000) (citing 15 U.S.C. § 1638(b)(1) ("Disclosures required under TILA must be provided before the transaction is consummated.").

And "[ECOA] makes it 'unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age.'" *Anderson*, 694 F. Supp. 2d at 331 (quoting 15 U.S.C. § 1691(a)). To establish a *prima facie* claim under ECOA, a plaintiff must show that she (1) was a member of a protected class; (2) applied for credit from defendant; (3) was qualified for the credit; and (4) was denied credit. *Chiang v. Veneman*, 385 F.3d 256, 259 (3d Cir. 2004).

Here, Plaintiff specifically alleges that she refused to provide certain personal information to Defendant which, as a practical matter, would be required by Defendant Route 22 Honda, a car dealership, in order for it to make an informed decision on whether to even extend an offer of

4

credit to her. Plaintiff, in other words, admits withholding material information from Defendant that would be necessary for it to perform an initial evaluation of Plaintiff's credit worthiness. Because it therefore appears that Plaintiff never actually applied for credit from Defendant, she has failed to state a cognizable claim under ECOA. Likewise, because, as pled, it appears clear that Defendant never extended any offer of credit to Plaintiff, she has failed to allege a cognizable TILA violation.

Insomuch as Plaintiff is attempting to allege additional claims against Defendant other under than those arising under ECOA and TILA, the Court finds that any such claims are inadequately pled at this juncture. In that respect, there are no additional causes of action specifically asserted in Plaintiff's pleading, nor are there sufficient factual allegations which would support any such heretofore unidentified additional claims. Furthermore, insomuch as any of those hypothetical claims arise under New Jersey state law, the Court would decline to exercise pendant jurisdiction over them. 28 U.S.C. § 1367(c)(3).

Ultimately, Plaintiff's complaint does not contain "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp.*, 550 U.S. at 570, and will therefore be dismissed, in its entirety, at the screening stage.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are entirely futile. Therefore, the Court provides Plaintiff

thirty (30) days to file an amended complaint that cures the deficiencies detailed above.[1]  If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice.  A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against Defendant concerning the allegations in the complaint.

For the reasons detailed above, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but **DISMISSES** her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff is granted leave to file an amended pleading within thirty days.  An appropriate Order accompanies this Opinion.

Dated:  January 11, 2023

Evelyn Padin, U.S.D.J.

---

[1] Plaintiff is also free to include in any such amended pleading citations to the specific statutory provisions within TILA and/or ECOA that Defendant allegedly violated.